United States District Court
Southern District of Texas
**ENTERED**
December 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | § § § |
| v. | §   CRIMINAL ACTION NO. 4:16-CR-317-2 § |
| LOUIS JEROME HINES, *Defendant*. | § § § |

## ORDER

Pending before the Court are Defendant Louis Jerome Hines's ("Hines") Motion for Sentence Reduction Pursuant to 28 [sic] U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. No. 534) and the Government's Response in Opposition. (Doc. No. 541). The Court hereby denies the motion.

**I.   Background**

Hines was charged with one count of conspiracy to commit a Hobbs Act robbery, one count of aiding and abetting a Hobbs Act robbery, and one count of aiding and abetting the brandishing of a firearm during a crime of violence. The charges stemmed from an armed robbery of a Family Dollar store that took place on October 22, 2015. He pleaded guilty to the latter two counts of aiding and abetting a Hobbs Act robbery and of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence. He was sentenced to 87 months on the robbery count and 84 months on the firearm count to be served consecutively to the robbery count, for a total term of 171 months, followed by a term of supervised release of three years on each count to be served concurrently. Hines is currently incarcerated at Beaumont Medium FCI and has a projected release date of January 24, 2028. Thus, without allowing for any good time credit that reduces his time, he has served approximately 50% of his sentence.

## II. Hines's Motion

In his motion for compassionate release, Hines moved under 18 U.S.C. § 3582(c)(1)(A), for the early termination of his sentence based upon what he claims are extraordinary and compelling reasons. He bases his request primarily on possible exposure to COVID-19 and post-sentencing rulings by the Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022) and *Dean v. United States*, 581 U.S. 63 (2017). He claims *Taylor* calls into question whether aiding and abetting a Hobbs Act robbery is a crime of violence. If it is not a crime of violence, Hines argues that his sentence for aiding and abetting the use of the firearm would be lower because this would not be a predicate crime of violence. Additionally, he claims *Dean* would allow this Court to re-review the § 3553(a) factors in his case and they would now warrant a reduction in his sentence.

## III. Analysis

Section 3582(c)(1)(A)(ii) requires any sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018). Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1. These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or

75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1.

In the past, courts have differed on whether Application Note 1 applied to the consideration of prisoner motions by district courts after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

The Fifth Circuit has put this debate to rest by holding that district courts are not bound by either the policy statement or the commentary when addressing a prisoner's motion under § 3582 or § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). It has also held that § 1B1.13 applies only to compassionate release motions filed by the Bureau of Prisons. *United States v. McFadden*, No. 20-40801, 2022 WL 715489 (5th Cir. Mar. 9, 2022). That being the case, a district court is only bound by § 3582(c)(1) and § 3553(a). *Id.* Consequently, the Court will analyze this motion following the Fifth Circuit dictates. The Court, however, points out that if a prisoner moves for relief under § 3582(c)(1) as Hines has, and if he does not qualify under § 3582(c)(1)(A)(ii), then an inmate must provide extraordinary and compelling reasons

that warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Thus, in Hines's case, the standard for compassionate leave is "extraordinary and compelling." *Id.* It is important to note that Congress has not defined extraordinary and compelling and neither has the Sentencing Commission since the passage of the First Step Act.

The primary argument put forth by Hines is that the law has changed since he was sentenced and that, were he to be sentenced today, his sentence would be less because his robbery conviction is not for a crime of violence. His reasoning is based upon his interpretation of the Supreme Court's opinion in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In that case, the Court held that "attempted Hobbs Act robbery" did not qualify as a crime of violence because it lacked the element "used, attempted to use, or threatened to use force." *Id.* at 2020. That being the case, it could not be used as a predicate offense for brandishing a firearm during a crime of violence. Hines's argument based upon the *Taylor* decision is incorrect and his interpretation of the case law certainly does not give rise to extraordinary and compelling reasons to revisit his sentence. Hines, however, was not convicted of "attempted" robbery. He was convicted of aiding and abetting a Hobbs Act robbery. Consequently, *Taylor*'s holding does not apply. In fact, the Fifth Circuit has already addressed and rejected a similar contention, albeit in a different context. *United States v. Cabello*, 33 F.4th 281, 286 (5th Cir. 2022).

His secondary argument is his belief that he has an alleged increased risk of COVID-19 in custody. He first notes he is a smoker, has high blood pressure, and is obese. His medical records confirm these conditions. He also notes that he has had COVID-19 and does not wish to have it again.

The Government in response points out that the mere fear of COVID-19 does not entitle a prisoner to early release. *United States v. Rodriguez*, 27 F.4th 1097 (5th Cir. 2022); *United States*

*v. Thompson*, 984 F.3d 431 (5th Cir. 2021). It also points out that Hines has had COVID-19 in custody and survived, plus that he has now been vaccinated. The Court notes that currently the facility at which Hines is incarcerated has only one inmate who is testing positive for COVID-19, out of a total inmate population of over 1,500. Further, no facility staff members are currently testing positive. These numbers are not indicative of an emergent situation, and certainly do not equate to evidence of an extraordinary and compelling reason for an early release.

The Government also argues that releasing Hines from custody would be contrary to the § 3553(a) factors. It points out that, not only did he participate in an armed robbery, but his extensive criminal history includes convictions for two other armed robberies, a car theft, and a burglary of a building. Weapons were used in many of these instances. In fact, at the time the offenses in concern here were committed, Hines was on parole for a drug related felony. Moreover, at the time of his arrest for the underlying crime here, he was a felon in possession of at least five guns.

The Court finds that Hines exhausted his administrative remedies, but that he has not shown extraordinary and compelling reasons that might warrant reducing his sentence. Hines was instrumental in an armed robbery—and has a lengthy history of similar conduct. If released, there are no conditions this Court can mandate to keep him from harming the public. This is demonstrated by the fact that he was on parole when these crimes were committed. Moreover, while smoking, high blood pressure, and obesity have been recognized as COVID-19 risk factors, he contracted COVID-19 in custody and has been adequately treated. Further, he and the vast majority of inmates in his facility have now been vaccinated and the once-escalating COVID-19 situation in the Bureau of Prisons seems to have been resolved. This Court finds that the entirety of the record does not demonstrate any extraordinary or compelling reason to reduce

Hines's sentence. The dictates of § 3553(a) counsel against his release, as incarceration is the only way to protect the public from his future crimes.

## IV. Conclusion

The Court finds that the original sentence complied with the dictates of 18 U.S.C. § 3553a and further finds that there is no extraordinary or compelling reason presented to deviate from that sentence. The Court hereby denies Hines's Motion for Sentence Reduction Pursuant to 28 [sic] U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 534).

SIGNED at Houston, Texas this 21st day of December, 2022.

Andrew S. Hanen
United States District Judge